Argued and submitted March 4, 1994, affirmed July 26, petition for review allowed September 26, 1995 (322 Or 167)

**STEELMAN-DUFF, INC.,**
a corporation,
*Respondent,*

*v.*

**STATE OF OREGON,**
acting by and through its
**DEPARTMENT OF TRANSPORTATION/**
**OREGON STATE HIGHWAY DIVISION,**
*Defendant,*

*and*

**J.C. COMPTON CONTRACTOR, INC.,**
an Oregon corporation,
*Appellant.*

(92C-12356; CA A80684)

899 P2d 752

Paul R. Meyer argued the cause and filed the briefs for appellant.

John Spencer Stewart argued the cause for respondent. With him on the brief were Thomas A. Larkin and Stewart Sokol & Gray.

Before Deits, Presiding Judge, Richardson, Chief Judge, and Riggs, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

J.C. Compton Contractor, Inc., (Compton) appeals a supplemental judgment denying its request for attorney fees and a second supplemental judgment denying its request for costs. We affirm.

Steelman-Duff brought an action under ORS 279.067 seeking a declaration that the state Department of Transportation had improperly rejected its bid on a public construction project. It also named J.C. Compton Company as a defendant in its complaint and sought to enjoin the state and J.C. Compton Company, as the next lowest bidder, from entering into any contract. It was later discovered that, although J.C. Compton Company was a related company, Compton was the one that submitted the next lowest bid.

Steelman-Duff dismissed J.C. Compton Company from the complaint under ORCP 54 A(1). Subsequently, the trial court issued an order allowing Compton's motion to be substituted for J.C. Compton Company. The order recited that the substitution was "pursuant to agreement of the attorneys for the parties." Compton filed an answer to the complaint, including a counterclaim for attorney fees against Steelman-Duff pursuant to ORS 279.067(4), ORS 20.105(1) and ORCP 17.

Following a trial, the court concluded that Steelman-Duff was not entitled to relief because its bid was properly rejected, and the court issued judgment under ORCP 67 B on Steelman-Duff's claims. The judgment allowed costs to defendants and provided that Compton's counterclaim for attorney fees would be resolved in a subsequent proceeding. That judgment was not appealed.

Compton filed its petition for attorney fees. The court entered an order on May 13, 1993, denying the petition on the ground that Compton was not "a successful party" within the meaning of ORS 279.067. The court then entered a supplemental judgment denying Compton attorney fees.

On August 7, 1993, Compton filed a statement of costs and the court entered a second supplemental judgment denying costs because the cost statement was untimely. Compton appeals both supplemental judgments.

Compton makes five assignments of error. The first three involve contentions that Compton was a party because it was named as a party to the action, was a necessary party or an indispensable party. It concludes that, because it was a party and it was successful in defending its interest, it is therefore entitled to attorney fees as a "successful party." ORS 279.067(4).

■ We need not address the first three assignments about whether Compton was a party because we conclude that, even if Compton is considered to have some special party status, it is not entitled to attorney fees under the statute.

ORS 279.067 provides, in part:

"(1)  Any bidder adversely affected or any trade association of construction contractors acting on behalf of a member of the association to protect interests common to construction contractor members may commence a suit in the circuit court for the county in which are located the principal offices of the public contracting agency, for the purpose of requiring compliance with, or prevention of violations of, ORS 279.011 to 279.063, or to determine the applicability of ORS 279.011 to 279.063 to matters or decisions of the agency.

"* * * * *

"(4)  The court may order payment of reasonable attorney fees and costs on trial and on appeal to a successful party in a suit brought under this section."

ORS 279.067 authorizes an action by or on behalf of an adversely affected bidder to challenge the action of the public contracting agency in administering a bidding process. Steelman-Duff is an adversely affected bidder because the state rejected its bid. Compton is not adversely affected by the state's action. Compton had an interest in the outcome of Steelman-Duff's action against the state because, if the state prevailed, the bid would be awarded to Compton, the next lowest bidder. But Compton's interest in that outcome is legally irrelevant to the cause of action. Steelman-Duff was challenging the state's action in the bid award and the state appeared and defended its action. No conduct by Compton was involved.

It is true that a Compton entity was named as a party and that there was a request for a preliminary injunction

enjoining defendants, which would include Compton, from entering into a contract. The injunction request was to prevent the state from awarding the bid and thereby possibly mooting Steelman-Duff's action against the state. The state agreed to not award the bid until the case was concluded and the injunction request was consolidated with the hearing on the merits of Steelman-Duff's claim against the state.

■  Consequently, even if we consider that Compton had some type of party status, it was not a party to the only legal controversy the statute contemplates between an adversely affected bidder and a public contracting agency. We conclude that the court properly denied Compton's request for attorney fees under ORS 279.067(4).

Compton also argues that it is entitled to attorney fees under ORCP 17 because Steelman-Duff's claims were not "well grounded in fact" or warranted by "existing law." Although the trial court did not explicitly deny attorney fees under ORCP 17, the denial is implicit in the judgment denying any attorney fees. We agree with the implicit ruling that fees were not warranted under ORCP 17.

In its final assignment, Compton argues that the court erred by denying its petition for costs because it was untimely. The first judgment issued pursuant to ORCP 67 B was entered February 8, 1993. On April 8, 1993, Compton filed a motion for attorney fees and on June 30, 1993, the court entered a supplemental judgment denying attorney fees. On July 8, 1993, Compton filed its cost bill.

■  ORCP 68 C(4)(a) provides that the statement of costs must be filed within 14 days after entry of judgment. Compton argues that the court gave it additional time to file its petition for attorney fees and it should have the same additional time to file a cost bill. The judgment entered February 8, 1993, specified that "[d]efendants shall recover their costs and disbursements." It also provided that Compton's counterclaims for attorney fees "shall be resolved in further proceedings." The judgment was very explicit. Only the issue of attorney fees was deferred; costs were specifically awarded and the only thing remaining to obtain costs was a cost bill filed "not later than 14 days" after February 8, 1993. It was untimely, so it is unnecessary for us to address whether

Compton would be entitled to costs if the statement had been filed on time. The trial court did not err.

Affirmed.